IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| ROLANDO MENDEZ, on behalf of himself and all other persons similarly situated known and unknown, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | Judge |
| RIVER VALLEY RECYCLING, INC. d/b/a KB CORES | ) ) ) | |
| Defendant. | ) | |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff Rolando Mendez, on behalf of himself and all other persons similarly situated known and unknown, through his attorneys, for his Complaint against Defendant River Valley Recycling, Inc. d/b/a KB Cores ("Defendant"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.      This is a proposed collective action against Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for Defendant's failure to pay overtime pay to Plaintiff and other persons who were paid on a piece rate basis for all time worked. A copy of Plaintiff's consent form to act as a representative Plaintiff in this collective action under the FLSA is attached hereto as Exhibit A.

2.      This is also a proposed class action under the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL") for Defendant's failure to pay overtime pay to Plaintiff and other similarly situated persons, and a proposed class action under the Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/1, *et seq.*, for Defendant's unauthorized deductions from

1

Plaintiff's and other persons' wages.

**THE PARTIES**

3. Plaintiff resides in and is domiciled within this judicial district.

4. During the last three years, Plaintiff worked for Defendant within this judicial district.

5. Defendant is an Illinois corporation with its principal place of business in Kankakee, Illinois, within this judicial district.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. §1331, rising under 29 U.S.C. § 216(b).

7. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

8. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

**FLSA, IMWL AND IWPCA COVERAGE**

9. Plaintiff was employed by Defendant as an "employee" as that term is defined by the IMWL, 820 ILCS § 105/3(d).

10. Plaintiff was employed by Defendant as an "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1).

11. Plaintiff was employed by Defendant as an "employee" as that term is defined by the IWPCA, 820 ILCS 115/2.

12. Defendant was Plaintiff's "employer" as that term is defined by the IMWL, 820

ILCS § 105/3(c),

13. Defendant was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d),

14. Defendant was Plaintiff's "employer" as that term is defined by the IWPCA, 820 ILCS 115/2.

15. Defendant is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

16. Defendant's employees are engaged in interstate commerce and Defendant's annual gross volume of sales made or business done during the last three years exceeds $500,000.00, exclusive of excise taxes.

17. During his employment by Defendant, Plaintiff handled goods, including engines and transmissions, that moved in interstate commerce.

18. During his employment by Defendant, Plaintiff was not exempt from the overtime provisions of the FLSA and the IMWL.

19. During his employment by Defendant, Plaintiff was not exempt from the wage payment provisions of the IWPCA.

**BACKGROUND FACTS**

20. Plaintiff was employed by Defendant between approximately 1999 and November 12, 2019.

21. Plaintiff worked for Defendant as a production employee.

22. Plaintiff disassembled engines and transmissions to remove recyclable parts

3

before the engine or transmission would be smelted to extract base metals.

23. After extracting the base metal, Plaintiff poured the extracted metal into molds.

24. After transferring the material to the molds, Plaintiff removed the finished product from the molds and moved the finished product to a different area of the plant where it was weighed.

25. The weight of each finished product was recorded on paper and transferred to a computer system to track production amounts.

26. Plaintiff was paid a piece rate for the work he performed for Defendant.

27. For example, when Plaintiff smelted parts he was paid $0.0350 per pound for metal extracted from engines and $0.0250 per pound for metal extracted from transmissions.

28. For the work week ending November 13, 2019 Plaintiff processed 10,662 pounds of engine materials and 26,828 pounds of transmission materials. See Ex. B, attached hereto. For that work week Plaintiff was provided a paycheck in the gross amount of $1,043.87 (10,662*0.0350 plus 26,828*0.0250). See Ex. C, attached hereto.

29. Plaintiff used a timeclock to track the number of hours he worked each week.

30. During the last three years, Plaintiff worked in excess of forty hours in one or more individual work weeks during the prior three years.

31. In one or more individual work weeks in the last three years, Plaintiff was not paid overtime pay at the rate of one-and-one half times his regular rate of pay for the time he worked in excess of forty (40) hours.

32. During the course of Plaintiff's employment with Defendant, Defendant made deductions from Plaintiff's wages to account for "Safety Equipment Uniform".

33. The "Safety Equipment Uniform" deduction was for laundry service provided for by Defendant.

34. The uniform deductions made by Defendant from Plaintiff's compensation were not required by law.

35. The uniform deductions made by Defendant from Plaintiff's compensation were not to Plaintiff's benefit.

36. The uniform deductions made by Defendant from Plaintiff's compensation were not in response to a valid wage assignment or a wage deduction order.

37. The uniform deductions made by Defendant from Plaintiff's compensation were not made with the express written consent of Plaintiff, given freely at the time the deductions were made.

38. During all weeks that Plaintiff performed labor for Defendant:

   a. Plaintiff's work was to the benefit of Defendant;

   b. Plaintiff's work was an integral part of Defendant's business;

   c. Defendant had control or influence over the terms or conditions of Plaintiff's employment, including the Plaintiff's work schedule;

   d. Defendant owned or leases the premises where Plaintiff performed his work; and

   e. Defendant provided the tools or materials used by Plaintiff to perform the work.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

39. In the prior three years, Defendant employed one or more other persons who were paid on a piece rate basis ("proposed FLSA collective").

40. The proposed FLSA collective were employed by Defendant within the meaning

5

of the FLSA.

41. During all weeks that the proposed FLSA collective performed labor for Defendant:

   a. Their work was to the benefit of Defendant;

   b. Their work was an integral part of Defendant's business;

   c. Defendant had control or influence over the terms or conditions of the proposed FLSA collective's employment, including their work schedule;

   d. Defendant owned or leases the premises where the proposed FLSA collective performed their work; and

   e. Defendant provided the tools or materials used by the proposed FLSA collective to perform the work.

42. Plaintiff and other members of the proposed FLSA collective worked as non-exempt employees eligible for overtime pay.

43. The proposed FLSA collective used a timeclock to track the number of hours they worked each week.

44. The proposed FLSA collective worked in excess of forty hours in one or more individual work weeks during the prior three years.

45. The proposed FLSA collective was paid a piece rate for the work they performed.

46. The proposed FLSA collective was not paid overtime pay at the rate of one-and-one half times their regular rate of pay for the time they worked in excess of forty (40) hours per week.

47. The proposed FLSA collective would benefit from the issuance of a court-supervised notice of this lawsuit for purposes of being informed of their opportunity to join.

48. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

**CLASS ACTION ALLEGATIONS UNDER ILLINOIS MINIMUM WAGE LAW AND ILLINOIS WAGE PAYMENT AND COLLECTION ACT**

49. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of himself and other current and former employees who worked for Defendant and were paid on a piece rate basis and who had deductions taken from their compensation for uniforms.

50. The IMWL class Plaintiff seeks to represent is defined as "all persons who worked for Defendant in the State of Illinois between June 10, 2017 and the present (the "IMWL class period") who were paid on a piece rate basis (the "proposed IMWL Class").

51. The IWPCA class Plaintiff seeks to represent is defined as "all persons employed in the State of Illinois by Defendants as hourly employees from June 10, 2010 and the present (the "IWPCA class period") who have been subject to Defendant's uniform deduction policy (the "proposed IWPCA Class")."

52. During all weeks that the proposed IMWL Class and IWPCA Class performed labor for Defendant:

   a. Their work was to the benefit of Defendant;

   b. Their work was an integral part of Defendant's business;

   c. Defendant had control or influence over the terms or conditions of the proposed IMWL and IWPCA Classes' employment, including their work schedule;

   d. Defendant owned or leases the premises where the proposed IMWL and IWPCA Classes performed their work; and

   e. Defendant provided the tools or materials used by the proposed IMWL and IWPCA Classes to perform the work.

53. The proposed IMWL and IWPCA classes are so numerous that joinder of all members is impracticable.

54. During the IMWL class period, Defendant employed more than 40 persons who fall within the class description.

55. During the IWPCA class period, Defendant employed more than 40 persons who fall within the class description.

56. The claims of the named Plaintiff are typical to the members of the proposed classes.

57. The named Plaintiff and the proposed IMWL Class worked more than forty (40) hours in one or more individual work weeks and were not paid overtime compensation.

58. Each member of the proposed IMWL class was paid on piece rate basis regardless of the number of hours they worked each week.

59. The named Plaintiff and the proposed IWPCA Class were all subject to Defendant's uniform deduction policy.

60. Each member of the proposed IWPCA class had deductions taken from their compensation in one or more individual work weeks for uniform related expenses.

61. As a result, each member of the proposed IMWL class suffered the same harm.

62. As a result, each member of the proposed IWPCA class suffered the same harm.

63. Each proposed class members' claim is controlled by Illinois's wage and hour statutory scheme and one set of facts. Pursuant Fed. R. Civ. P. 23(b)(3), questions of law and fact are common to the class and predominate over any individual questions.

64. Such common questions of law and fact include, but are not limited to, whether the

proposed Rule 23 Class is similarly situated because they were subject to Defendant's common policy and practice of paying piece rates without overtime; and whether Defendant violated the IWPCA by making deductions from compensation for uniforms without prior written consent.

65. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

66. Prosecuting hundreds of identical, individual lawsuits would not promote judicial efficiency or equity, nor result in consistent results. Class certification will eliminate the need for duplicate litigation.

67. Plaintiff will fully and adequately protect the interests of the proposed classes.

68. Plaintiff seeks the same recovery as the classes, predicated upon the same violations of law and the same damage theory.

69. Plaintiff has retained counsel who are qualified and experienced in the prosecution of statewide wage and hour class actions.

70. Neither Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the proposed classes.

**COUNT I**
**Violation of the Fair Labor Standards Act -- Overtime Wages**
**(Plaintiff on his own behalf and on behalf of similarly situated employees)**

71. Plaintiff realleges and incorporates the previous allegations of this Complaint.

72. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., for its failure to pay overtime wages to Plaintiff at a rate of one-and-one-half times his regular hourly rate of pay.

73. When an employee is paid on a piece rate basis, the regular hourly rate is calculated

9

by adding all of the total earnings for the workweek from all the piece rates and all other sources and dividing the total earnings by the total hours the employee worked in that workweek. 29 C.F.R. § 778.111(a).

74. For overtime work performed, the pieceworker employee is entitled to be paid all his weekly earnings at his regular rate of pay for all hours worked in addition to half his regular rate of pay multiplied by all the hours worked in excess of forty in that work week. 29 C.F.R. § 778.111(a).

75. Defendant did not pay Plaintiff overtime wages for the hours he worked in excess of forty (40) hours in a work week.

76. Defendant did not pay one or more other production employees overtime pay for the hours he or she worked in excess of forty (40) hours in a work week.

77. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at a rate of one-and-one-half times his regular rate of pay.

78. Pursuant to 29 U.S.C. § 207, for all weeks during which other production employees worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one-and-one-half times their regular rate of pay.

79. Defendant's failure to pay overtime wages to Plaintiff for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

80. Defendant's failure to pay overtime wages to other similarly situated hourly employees for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

81. Defendant's failure to pay overtime wages for time worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of one-and-one-half times Plaintiff's regular rate of pay for all time Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law -- Overtime Wages
### (Plaintiff on his own behalf and on behalf of a class of similarly situated persons)

82. Plaintiff realleges and incorporates the previous allegations of this Complaint.

83. The Plaintiff and the proposed IMWL class worked more than forty (40) hours in one or more individual work weeks and were not paid overtime compensation.

84. Pursuant to 820 ILCS 105/4(a), for all weeks during which they worked in excess of forty (40) hours, Plaintiff and the proposed IMWL Class were entitled to be compensated at one and one half times their regular hourly rate of pay for time they worked in excess of forty (40) hours per work week.

83. Defendant violated the Illinois Minimum Wage Law by refusing to pay Plaintiff and members of the proposed class at one-and-one-half times their regular hourly rate of pay for hours worked in excess of forty (40) hours per work week. WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times the greater of the then-applicable Illinois minimum wage or his regular rate of pay for all hours in which

       Plaintiff worked in excess of forty (40) hours in individual work weeks multiplied by three to account for the treble damages as provided by 820 ILCS 105/12(a);

B.    Punitive damages in the amount of five percent (5%) of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid, as provided for by 820 ILCS 105/12(a);

C.    Reasonable attorneys' fees and costs incurred in filing this action; and

D.    Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act – Unlawful Deductions
### (Class Action)

85.    Plaintiff realleges and incorporates the previous allegations of this Complaint.

86.    Defendant made deductions from the wages of Plaintiff and the proposed IWPCA Class for, employee uniforms and laundering of uniforms worn by Plaintiff while working.

87.    Such deductions were not: (1) required by law; (2) to the employee's benefit; (3) in response to a valid wage assignment or wage deduction order; and (4) made with the express written consent of the employee given freely at the time the deductions were made.

88.    Defendants violated the IWPCA, 820 ILCS 115/9, by making unauthorized deductions from Plaintiff's paychecks.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.    Judgment in the amount of all back wages due, as provided by the Illinois Wage Payment and Collection Act;

B.    Prejudgment interest on the back wages in accordance with 820 ILCS 205/2;

C.    An injunction precluding Defendant from violating the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*;

D.    Such other and further relief as this Court deems appropriate and just.

Dated:  June 10, 2020

                            Respectfully submitted,

                            <u>s/Douglas M. Werman</u>
                            One of the Attorneys for Plaintiff

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
**WERMAN SALAS P.C.**
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
Telephone: (312) 419-1008